Hely, J.
The complaint was filed on July 28, 1992. The plaintiff alleges that it performed environmental services for the defendant landowners under a contract. The work is alleged to have been performed between February 1, 1990, and January 26, 1991. The defendants allege that on November 30,1990, the defendants stopped paying for services performed under the contract. The plaintiffs claim that they are now owed $244,188 plus interest for services rendered under the contract that the defendants have not paid for.
The defendants’ answer was served on August 20, 1992. In addition to denials, the answer alleged three affirmative defenses: failure to state a claim; incorrect parties named as defendants; and the alleged agreement is void for total or partial failure of consideration.
On December 17, 1993, the defendants served their motion for leave to amend. The proposed counterclaim submitted with the motion for leave to amend alleges that the plaintiffs overbilled the defendants in the amount of $214,867. The defendants allege actual damages in this amount. The causes of action alleged in the proposed counterclaim are: breach of contract; breach of implied covenant of good faith and fair dealing; fraud and misrepresentation; and violation of G.L.c. 93A, §§2 and 11. Under the 93A count, the defendants claim triple damages and attorney fees and costs.
Because the motion to amend seeks to assert omitted counterclaims, it is initially governed by Rule 13(f) of the Rules of Civil Procedure. Rule 15(a) and the cases interpreting it are also pertinent. Rule 13(e) does not apply here because I find that the new counterclaims “matured” or were “acquired” by the defendants before service of their answer.
The failure to set up the counterclaims earlier was not caused by “oversight, inadvertence, or excusable neglect”; it was caused by a conscious change in litigation strategy late in the game. Mass.R.Civ.P. 13(f). The issue then is whether “justice requires” leave to file any of the late counterclaims under Rule 13(f) or Rule 15(a).
Weighing heavily against the late counterclaims is the defendants’ excessive and unjustified delay. Fifteen months elapsed between the service of the defendants’ answer and the service of their motion to amend. The tracking order under Superior Court Standing Order 1-88 imposed certain deadlines. Motions to amend under Rule 15 were due on December 25,1992. Subject to a narrow, agreed-upon exception, the discovery in this case closed on May 27, 1993. The plaintiff undertook substantial discovery proceedings, including interrogatories, requests for documents, admissions requests, and depositions. The final pretrial conference in this case is scheduled for April 28, 1994, and the trial is scheduled for May 2, 1994.
The delay as I have said was unjustified. The invoices that the defendants now seek to contest were received and paid for by a defendant on or before November 30, 1990, more than three years ago. The defendants waited fifteen months after this litigation commenced before seeking repayment and multiple damages for the old invoices. I find that the defendants did not need fifteen months to reanalyze their paid invoices and discover their supposedly latent claim for 93A violations.
Also weighing heavily against the late counterclaims is the substantial prejudice to the plaintiffs that *512 would unfairly result if a motion to amend was allowed in full. As noted earlier, the plaintiff has undertaken substantial discovery on the issues framed by the complaint and the original answer, namely a contract action for services rendered. The defendants are not seeking just to challenge the old bills. They want to change the entire nature of the litigation by bringing out the heavy artillery of triple damages and attorney fees under 93A. See Cassano v. Gogos, 20 Mass.App.Ct. 348, 351 (1985).
The defendants’ attack on the paid invoices as fraudulent or in breach of contract seek only actual damages for amounts that were allegedly overpaid in the same transaction that formed the basis for the plaintiffs complaint. In contrast, the 93A counterclaim subjects the plaintiff to a wholly different form and magnitude of exposure, namely mandatory attorney fees and costs if a violation is found and double or triple damages if the violation is found to be willful or knowing. G.L.c. 93A, §11. The 93A claim does more than inject a “totally new theory of liability.” Walsh v. Chestnut Hill Cooperative Bank, 414 Mass. 283, 287 (1993). It completely transforms the nature of this litigation and the monetary risks to the plaintiffs. It would be grossly unfair and prejudicial to the plaintiff to permit a counterclaim for triple damages, attorney fees and costs to be injected into the case at this late stage of the litigation.
In balancing the competing interests presented by this motion to amend, I conclude that the motion should be allowed to the extent that the counterclaim seeks actual damages under Counts I through III, but it should be denied to the extent that it seeks to assert Counterclaim IV or any counterclaim under G.L.c. 93A. In making this ruling I have been guided in part by the following cases: Commonwealth v. Andover, 378 Mass. 370, 374-75 (1979) (no abuse of discretion in denying motion for leave to file counterclaim): Walsh v. Chestnut Hill Bank & Trust Co., supra (no error in denying leave to amend complaint to add a 93A count); BBF, Inc. v. Germanium Power Devices Corp., 13 Mass.App.Ct. 166, 177-78 (1982) (no abuse of discretion in denial of motion to amend complaint to include prayers for relief under G.L.c. 93A); Halper v. Demeter, 34 Mass.App.Ct. 299, 300-03 (1993) (discussion of the importance of clearly identifying the grounds for a 93A claim considering “the high stakes connotations” of such claims): Cassano v. Gogos, supra (statutory demand letter with clear notice of the nature of the 93A claim is essential to serve the statutory purpose of encouraging settlements).
“ ‘Fundamental fairness requires in such a case, where the statutory remedy may increase greatly the defendants’ liability, that the opposing party be notified of the possibility of the unusual relief and’ early enough in the proceedings to permit the defendant to assess the case realistically for settlement and litigation strategy.” Cassano v. Gogos, 20 Mass.App.Ct. at 352.
ORDER
1. The defendants’ Motion for Leave to Amend Answer to Add Affirmative Defense and Set Up Counterclaims is allowed only to the extent that the proposed counterclaim sets up defenses and claims for actual damages under Counterclaims I through III. The Motion is denied with respect to Counterclaim IV and any counterclaims under G.L.c. 93A.
2. Because of the defendants’ late motion to amend, the plaintiff is now given until April 28, 1994, to take further discovery and to file a motion for summary judgment if it deems appropriate. The defendants’ time for discovery and for summary judgment motion has expired, and it will not be extended.